UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


ANTHONY MACK,                    :
        Plaintiff,               :
                                 :              PRISONER
     v.                          :   Case No. 3:12-cv-1235(AWT)
                                 :
LT. JOHNSON, et al.,             :
        Defendants.              :


INITIAL REVIEW ORDER

     The plaintiff, who is currently incarcerated at the Garner
Correctional Institution in Newtown, Connecticut, has filed a
complaint pro se pursuant to 42 U.S.C. § 1983 (2000).  The
plaintiff alleges that the defendants, Lieutenants Johnson and
Kavanaugh, threatened to plant a weapon in his cell, causing him
to experience mental stress.  The plaintiff seeks compensatory
damages for pain and suffering.

     Under 28 U.S.C. § 1915A (2000), the court must review
prisoner civil complaints and dismiss any portion of the
complaint that is frivolous or malicious, that fails to state a
claim upon which relief may be granted, or that seeks monetary
relief from a defendant who is immune from such relief.  Id.

     In reviewing a pro se complaint, the court must assume the
truth of the allegations, and interpret them liberally to "raise
the strongest arguments [they] suggest[]." Abbas v. Dixon, 480
F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are

not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, on June 13, 2012, he was involved in a physical altercation with his cellmate. When questioned by the defendants, he stated that nothing had happened so he could avoid a disciplinary charge. When the defendants indicated that they would move the plaintiff from A-block to C-block, the plaintiff refused to move and demanded that the defendants move his cellmate. The defendants stated that the cellmate could not return to C-block. The plaintiff then asked to remain in A-block but move to a cell on the lower tier. The defendants agreed but told the plaintiff that if anyone attacked the cellmate, they would plant a knife on the plaintiff and

2

pursue outside charges against him.  As a result of the threat, the plaintiff has experienced panic attacks and flashbacks.

Verbal harassment and threats do not rise to the level of a constitutional violation.  See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Verbal threats are not constitutional violations cognizable under § 1983."); Cotz v. Mastroeni, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007) (holding that verbal harassment and threats, regardless of how inappropriate, unprofessional or reprehensible, do not violate a federally protected right and are not cognizable under section 1983).  Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In addition, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. § 1997e(e).  See Thompson v. Carter, 284 F.3d 411, 417-18 (2d Cir. 2002) (restricting application of 42 U.S.C. § 1997e(e) to compensatory damages).  As the plaintiff appears to seek compensatory damages only, section 1997e(e) also bars his suit.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1)  The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

(2)  The Clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

Dated this 16th day of November 2012, at Hartford, Connecticut.

<pre>
                      _____/s/AWT_____
                         Alvin W. Thompson
                      United States District Judge
</pre>